IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05114-PAB

EDISSON GERMAN BARRETO SARAGURO,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Edisson German Barreto Saraguro's *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1. Respondent filed a response. Docket No. 6.

## I. Background[1]

Petitioner[2] is a native and citizen of Ecuador who arrived in the United States in 2021. Docket No. 1 at 5. Petitioner has no criminal history, is a business owner, and

[1] Petitioner asserts various facts in the habeas petition. Docket No. 1. Respondent does not dispute the facts. Docket No. 6. Respondent states that he "is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." *Id.* at 1. "Respondent recognizes that the Court may then decide to grant the Petition and award appropriate relief." *Id.* Thus, the Court accepts as true the facts taken from the habeas petition.

[2] Because petitioner is proceeding *pro se*, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

has been paying taxes. *Id.* Applicant was taken into immigration custody by Immigration and Customs Enforcement ("ICE") officers on August 26, 2026, while he was on private property getting ready for work. *Id.* at 5 & 6. Petitioner had a custody redetermination hearing on October 6, 2026. *Id.* at 6. Bond was denied. *Id.* Petitioner was not provided with a written custody decision or written statement of the specific reasons for the denial. *Id.*

On October 7, 2026, petitioner filed a habeas petition. Docket No. 1. Petitioner asserts the three claims, which he titles: (1) "Continued Detention under the Governing Immigration Detention Statute[;]" (2) "Due Process[;]" and (3) "Warrantless Arrest Facts Preserved for Review." *Id.* at 6-7. For relief, he requests the Court to require Respondent to show the lawful basis for his continued detention and, if detention is unlawful, to order his release under reasonable conditions or, in the alternative, order a prompt and legally adequate custody/bond proceeding. *Id.* at 4.

On October 21, 2026, respondent filed a response. Docket No. 6. Respondent states that he "is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." *Id.* at 1. Respondent states that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, release Petitioner from detention." *Id.* at 1-2 (citing Santillan *Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. Analysis

In *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), the Tenth Circuit held that 8 U.S.C. § 1226(a) governs the detention of noncitizens undergoing removal proceedings who are detained in the interior of the United States. Petitioner is

undergoing removal proceedings and was detained in the interior of the United States. Docket No. 1 at 5-6. Respondent does not dispute that petitioner is detained pursuant to 28 U.S.C. § 1226(a). *See* Docket No. 6. Therefore, the Court finds that petitioner is detained pursuant to § 1226(a) and is entitled to relief.

Respondent submits that, if the Court grants the petition, the appropriate relief is for the Court to order respondent to "release Petitioner from detention." Docket No. 6 at 1-2. Petitioner seeks his release from detention. Docket No. 1 at 4. Thus, the Court will order respondent to release petitioner.

## III. Conclusion

Therefore, it is

**ORDERED** that petitioner Edisson German Barreto Saraguro's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondent shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondent shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED October 22, 2026.

BY THE COURT:

s/ Philip A. Brimmer_______
PHILIP A. BRIMMER
United States District Judge